JOHN B. FRISBIE, Respondent, v. LEVI H. WHITNEY, Appellant.

No. 4020; May 6, 1864.

Forcible Entry and Detainer is a Proceeding Highly Penal in character, and must be confined to cases specified in the statute.

Forcible Entry and Detainer may not be Resorted to upon Facts sufficient to justify the institution of an action of ejectment.

APPEAL from County Court of Napa County.

Wallace, Royle & Edgerton for respondent; Horrell, Moore & Laine for appellant.

SAWYER, J.—We think the facts of this case, as shown by the evidence, insufficient to maintain the action of forcible entry and detainer. The entry was peaceable. Admitting that the entry was unlawful, within the meaning of the statute relating to this action, as heretofore construed by the supreme court, there is no sufficient evidence of ' a forcible detainer to justify a recovery.

The facts proved would be sufficient to authorize a recovery in an action of ejectment, but not in an action for an unlawful entry and forcible detainer. The latter action is highly penal in its character and must be confined to the cases specified in the statute. To sustain the recovery in this case would be to abolish all distinctions between the actions of ejectment, and forcible entry and detainer. The motion for a nonsuit should have been granted.

Judgment reversed and the court below directed to enter a judgment of nonsuit.

We concur: Sanderson, C. J.; Shafter, J.; Rhodes, J.